UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY WILSON,

    Petitioner,                          CASE NO. 2:10-13218
                                           HONORABLE GEORGE CARAM STEEH
v.                                        UNITED STATES DISTRICT JUDGE

RAYMOND BOOKER,

    Respondent.
_____/

**OPINION AND ORDER TRANSFERRING CASE TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

Terry Wilson, ("petitioner"), presently on parole supervision with the Michigan Department of Corrections through the Oakland County Parole Office, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his 2006 conviction out of the Oakland County Circuit Court for possession of less than twenty five grams of cocaine and being a fourth felony habitual offender. Petitioner has previously filed a petition for a writ of habeas corpus challenging this conviction. The petition was dismissed on the merits. *Wilson v. Booker*, U.S.D.C. No. 2:07-CV-13286, 2008 WL 4427638 (E.D. Mich. September 30, 2008)(Hood, J.); *app. dism.* U.S.C.A. No. 09-1851 (6th Cir. November 17, 2009). Petitioner subsequently filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, in which he again challenged his 2006 conviction for possession of cocaine and being a fourth

1

felony habitual offender. After dismissing petitioner's civil rights complaint pursuant to 28 U.S.C. § 1915(g), the district court transferred the remainder of petitioner's case to the Sixth Circuit for authorization to file a second or successive petition. *Wilson v. U.S. Atty. Gen. Office,* U.S.D.C. No. 1:09-CV-13394; 2009 WL 3872144 (E.D. Mich. November 17, 2009)(Ludington, J.). The United States Court of Appeals for the Sixth Circuit denied petitioner permission to file a second habeas petition. *In Re Wilson,* U.S.C.A. No. 09-2477 (6th Cir. July 15, 2010). [1] For the following reasons, the Court has concluded that it must transfer this case to the Court of Appeals.

## I. DISCUSSION

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *In re Wilson,* 142 F. 3d 939, 940 (6th Cir. 1998). Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court

---

[1] Petitioner does not specify in his habeas petition that he is challenging his 2006 conviction for possession of cocaine and being a fourth felony habitual offender. However, petitioner indicates that he is challenging a conviction out of the Oakland County Circuit Court in which he received three to fifteen years in prison. Petitioner has also attached to his current petition the docket sheet from Case No. 07-13286, in which he challenged his possession of cocaine and fourth felony habitual offender convictions. A review of Judge Hood's opinion in that case indicates that petitioner was sentenced to three to fifteen years in prison after violating his probation. The Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of, *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004), indicates that the only conviction that petitioner received a sentence of three to fifteen years in prison was for his 2006 conviction of the Oakland County Circuit Court for possession of less than twenty five grams of cocaine and being a fourth felony habitual offender.

2

does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *See Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition or motion to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 971; *See also In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

Petitioner has previously filed a habeas petition with the federal courts. Although petitioner would not have been required to obtain a certificate of authorization following the dismissal of his petition if it had been dismissed without prejudice on exhaustion grounds, *See Harris v. Stovall*, 22 F. Supp. 2d 659, 664 (E.D. Mich. 1998), petitioner's first habeas petition was dismissed on the merits. Petitioner's second habeas petition is a second or successive petition for a writ of habeas corpus and he is therefore required to obtain a certificate of authorization. To the extent that petitioner is alleging that the Sixth Circuit erred in declining to grant him permission to file a second or successive habeas petition, this Court has no power to grant petitioner relief from the Sixth Circuit's

3

refusal to grant petitioner permission to file a successive habeas petition. A district court lacks the authority to reinstate a habeas petitioner's second or successive petition for writ of habeas corpus after the Court of Appeals declines to grant petitioner leave to file such a petition. *See White v. Carter,* 27 Fed. Appx. 312, 313-14 (6th Cir. 2001). Although neither party raised the issue of this being a second or successive petition, it is appropriate for this Court to consider the issue *sua sponte* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. *See Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996). Because this appears to be a second or successive habeas petition, it would be error for this Court to dismiss the petition as being time barred, rather than transfer it to the Sixth Circuit, because such a timeliness inquiry would be premature prior to any determination by the Sixth Circuit whether petitioner should be given authorization pursuant to 28 U.S.C. § 2244(b)(3)(A) to file a successive habeas petition. *See In Re McDonald*, 514 F. 3d 539, 543-44 (6th Cir. 2008).

## II.  ORDER

**IT IS ORDERED** that the Clerk of the Court transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Dated:  August 24, 2010

S/George Caram Steeh
GEORGE CARAM STEEH

UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 24, 2010, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk